IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE HAROLD MORGAN, JR.     :
   #188022
              Petitioner     :

       v.     :   CIVIL ACTION NO. AW-11-2771

GREGG L. HERSHBERGER, et al.     :
              Respondents

**MEMORANDUM**

Maryland Division of Correction prisoner Lawrence Morgan, Jr. filed the instant 28 U.S.C. §2254 habeas corpus application on September 27, 2011, challenging his 1987 convictions for first-degree murder, armed robbery, and use of a handgun in the commission of a crime of violence. The self-represented Petitioner, who is serving a life sentence, presents several claims, including a claim of ineffective assistance of counsel and several claims of trial court error. He further suggests that recent Supreme Court rulings would preclude dismissal of this case as time-barred.[1] Respondents indicate that the petition should be dismissed as a successive petition. ECF No. 4. For the reasons set out herein, this Court agrees, and concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.[2]

On June 7, 2005, Petitioner filed his first federal habeas corpus application which was subsequently denied as time barred by this Court on August 24, 2005. *See Morgan v. State of Maryland*, Civil Action No. AW-05-1590 (D. Md.). Under the Antiterrorism and Effective Death

---

[1] Although not apparent in the Petition, the undersigned believes that Petitioner is referencing *Wall v. Kholi*, 562 U.S. __, 131 S.Ct.1278, 1286 (2011), decided subsequent to Petitioner's first habeas petition. In *Wall*, the Supreme Court held that a motion to reduce sentence filed pursuant to Rhode Island law as a post-conviction motion, not part of the direct review process, which required a reexamination of the prisoner's sentence, qualified as a motion for "collateral review" that tolled the one-year statute of limitations under AEDPA. It has yet to be determined whether Maryland's allowable post-judgment criminal motions would also serve to toll the limitations period under AEDPA in light of *Wall*. In any event, it does not appear that *Wall v. Kholi* is applicable to Petitioner; his first state post-conviction petition was dismissed without prejudice on April 16, 2007, and more than one year elapsed before Petitioner filed a motion for modification of sentence on July 8, 1998. The motion for modification was denied on August 11, 1988.
*See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CT851168A&loc=65&detailLoc=PG

[2] Given that this case is successive and subject to dismissal without prejudice, the Court shall deny Petitioner's non-specific request for additional time to respond. ECF No. 3.

Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.)(2000). Thus, before this Court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to consider Petitioner's application for habeas corpus relief. See 28 U.S.C. § 2244(b)(3)(A);[3] *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). As Petitioner has not complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

      The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should he wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

      Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts. Denial of a certificate of appealability does not prevent

---

[3] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of that permission.

      A separate Order shall be entered reflecting the ruling set out herein.


December 6, 2011                                                          /s/
                                                        Alexander Williams, Jr.
                                                        United States District Judge